IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

RONALD COX,                          *
                                     *
          Plaintiff,                 *
                                     *
     v.                              *
                                     *
DEPUTY WARDEN BENJIE NOBLES,         *
OFFICER CRUMP, WARDEN PERRY,         *        CV 122-068
SARGENT DAVIS, WARDEN TED            *
PHILBIN, and UNIT MANAGER            *
HARRIS,                              *
                                     *
          Defendants.                *

───────────────

O R D E R

───────────────

Before the Court is Defendant Unit Manager Harris's motion to set aside the entry of default (Doc. 10) and Defendants Deputy Warden Benjie Nobles, Officer Crump, Warden Perry, Sergeant Davis, Warden Ted Philbin and Unit Manager Harris's motion to dismiss (Doc. 11). For the following reasons, Defendant Harris's motion to set aside default (Doc. 10) is **GRANTED** and Defendants' motion to dismiss (Doc. 11) is **GRANTED**.

## I. BACKGROUND

On March 4, 2019, Plaintiff Ronald Cox,[1] brought an action under 42 U.S.C. § 1983 against Defendants for allegedly failing to

---

[1] The Court uses masculine pronouns when referring to Plaintiff consistent with the pronouns used by Plaintiff in his filings. (See, e.g., Compl., Doc. 1, at 4.)

protect him under the Eighth Amendment while incarcerated. (See Cox v. Nobles, No. CV 119-031, Doc. 1, at 1, 9-10 (S.D. Ga. Mar. 31, 2020) ("Cox I").) Plaintiff alleged that, despite filing multiple complaints under the Prison Rape Elimination Act ("PREA"), the prison officials failed to protect him from being sexually and physically assaulted by other inmates at Autry State Prison, Central State Prison, and Augusta State Medical Prison between April 2017 and May 2018. (Cox I, Doc. 16, at 4-8.)

On March 31, 2020, the Court dismissed Plaintiff's claim against Defendant Crump without prejudice for failure to serve him and dismissed Plaintiff's claims against all other Defendants for failing to allege facts sufficient to state a claim. Cox v. Nobles, CV 119-031, 2020 WL 1541698, at *9 (S.D. Ga. Mar. 31, 2020). On October 18, 2021, Plaintiff appealed, but the Eleventh Circuit affirmed the dismissal and found Plaintiff failed to state a claim. Cox v. Nobles, 15 F.4th 1350, 1362 (11th Cir. 2021). On February 22, 2022, the United States Supreme Court denied Plaintiff's writ of certiorari. Cox v. Nobles, 142 S. Ct. 1178 (2022).

On May 26, 2022, Plaintiff initiated the present action against Defendants, asserting the case as a renewal of Cox I brought under O.C.G.A. § 9-2-61 (the "Georgia Renewal Statute"). (Doc. 1, at 1.) Defendant Harris filed her motion to set aside default on October 3, 2022. (Doc. 10.) Plaintiff responded in

opposition.  (Doc. 13.)  Defendants filed their motion to dismiss on October 3, 2022.  (Doc. 11.)  Plaintiff responded in opposition. (Doc. 12.)  The Court will address each motion in turn.

## II. MOTION TO SET ASIDE DEFAULT

Defendant Harris moves to set aside default pursuant to Federal Rule of Civil Procedure 55(c).  (Doc. 10, at 1.)

### A. Legal Standard

Rule 55(c) provides, "[t]he court may set aside an entry of default for good cause." FED. R. CIV. P. 55(C).  What constitutes "good cause" varies from case to case.  Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted).  To determine whether there is good cause, courts have considered, but are not limited to, factors such as "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  Id. (citations omitted).  Regardless of which factors the court chooses, "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."  Id. (citation omitted).  "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need

3

make no other findings in denying relief." Id. at 951-52 (citation omitted).

The Eleventh Circuit has "a strong preference for deciding cases on the merits-not based on a single missed deadline-whenever reasonably possible." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014). But overall, setting aside a default is "within the discretion of the district court." Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984) (citation omitted).

## B. Discussion

As an initial matter, the Court notes a Clerk's entry of default has not been placed on the docket in accordance with Rule 55(a). Nevertheless, "a defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." Perez, 774 F.3d at 1337 (citation omitted). Therefore, "a motion for relief under Rule 55(c) [setting aside a default judgement is appropriate . . . even [when] there has not been a formal entry of default." Id.

In her motion, Defendant Harris argues: (1) the default was not culpable or willful; (2) she did not attempt to avoid service or intentionally or recklessly disregard the judicial proceedings; (3) she acted promptly to cure the default; and (4) she offers meritorious defenses. (Doc. 10-1, at 3-4.) Defendant Harris admits she was served with a copy of the Summons and Complaint on August 30, 2022, and two days later, she mailed the Summons and

Complaint along with a request for representation to the State Law Department. (Doc. 10-2, at 1.) The State Law Department received Defendant Harris's mailing on September 22, 2022. (Doc. 10-3, at 34.) Defendant Harris argues she lacks any knowledge of what happened to the documents after mailing them. (Doc. 10-2, at 1.) In the declaration of the Assistant Attorney General (the "AAG") submitted in support of Defendant Harris's motion, the AAG states she was unaware of service upon Defendant Harris until receiving the mailed documents on September 27, 2022, because even though she monitored the docket and communicated with Plaintiff's counsel, she was not informed Defendant Harris had been served. (Doc. 10-3, at 2.) In response, Plaintiff argues the timeline contained in the Defendant Harris's motion fails to establish an excusable delay in answering the Complaint. (Doc. 13, at 2.)

The Court finds Defendant Harris has demonstrated good cause, and thus, it is appropriate to set aside default. First, Defendant Harris's failure to timely answer or file a motion to dismiss was not willful. An untimely filing is deemed willful when the litigant displays "either an intentional or reckless disregard for the judicial proceedings." Compania, 88 F.3d at 951-52 (citation omitted). An action may be deemed intentional or reckless "when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance." Id. However, there does not appear to be overt evidence to suggest Defendant Harris

willfully delayed in responding to the Complaint.  Instead, two days after being served the Summons and Complaint, Defendant Harris mailed the documents along with a request for representation to the State Law Department.  (Doc. 10-3, at 1.)  According to the declaration submitted by Defendant Harris and the AAG, the documents were not received by the State Law Department until September 22, 2022, and by the AAG until September 27, 2022.  (Doc. 10-2, at 2; Doc. 10-3, at 1.)  Although there is no explanation for what exactly happened between the time Defendant Harris mailed the documents and when they were received by the State Law Department, the lack of evidence is insufficient to find that Defendant Harris willfully caused the delay.  Further, Defendant Harris promptly cured her delay by moving to set aside default two weeks after her answer to the Complaint or motion to dismiss was due.  Double Eagle Club, Inc. v. BG Cap. Mgmt. S. Fla., LLC, No. CV 117-073, 2018 WL 5087225, at *2 (S.D. Ga. Oct. 18, 2018) (citing Farquharson v. Citibank, N.A., 664 F. App'x 793, 797 (11th Cir. 2016)) (explaining that courts are hesitant to deem a default willful when a litigant takes prompt action to cure).  Therefore, because the delay resulted from circumstances outside of Defendant Harris's control and she promptly cured the delay, the Court finds her delay was not willful.

Second, setting aside the default would not prejudice Plaintiff.  "Delay in adjudicating a plaintiff's claim does not

6

qualify as sufficient prejudice under Rule 55." Joe Hand Promotions, Inc. v. Allen, No. CV 118-127, 2018 WL 5087233, at *2 (S.D. Ga. Oct. 18, 2018) (citation omitted). "Instead, a plaintiff has to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." Id. (finding that moving to set aside an entry of default within two weeks was prompt and would not prejudice plaintiff). Here, Plaintiff does not argue he suffers any prejudice due to Defendant Harris's delay. (See Doc. 13, at 1-2.) Thus, the Court finds setting aside the default would not prejudice Plaintiff.

Lastly, Defendant Harris appeared in this case after receiving the Summons and Complaint and has demonstrated a willingness to participate by presenting meritorious defenses within the concurrently filed motion to dismiss. (See Doc. 11); Evans v. Strayer Univ., No. CV 115-196, 2016 WL 5844857, at *2 (S.D. Ga. Oct. 3, 2016) (stating that a plaintiff would not be able to obtain entry of default against a defendant that had appeared in the case and attempted to defend); Hosch v. XchangeAgent, Inc., No. 4:10-CV-0191, 2013 WL 12415354, at *3 (N.D. Ga. Apr. 29, 2013) (citation omitted) ("The filing of a motion to dismiss is normally considered to constitute an appearance."). For reasons discussed below, the concurrently filed motion to dismiss is sufficient to establish that Defendant Harris has

presented meritorious defenses to this action for purposes of Rule 55(c).

As the Eleventh Circuit has provided, it is more beneficial to decide cases on the merits, rather than based on missed deadlines. <u>Perez</u>, 774 F.3d at 1332. For the foregoing reasons, the Court finds good cause to set aside the default. Defendant Harris's motion (Doc. 10) is **GRANTED**.

### III. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's Complaint for failing to state a claim. (Doc. 11, at 1.) Before addressing the pending motion, the Court addresses Plaintiff's failure to serve Defendants Nobles, Crump, Perry, Davis, and Philbin.

**A. Failure to Serve Defendants Nobles, Crump, Perry, Davis, and Philbin**

The record lacks evidence showing service upon Defendants Nobles, Crump, Perry, Davis and Philbin. Defendants note this service failure in their motion to dismiss. (Doc. 11-1, at 5-6.) However, Plaintiff fails to address or acknowledge this deficiency in his response. (<u>See</u> Doc. 12.)

Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within [ninety] days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

must extend the time for service for an appropriate period.

"Even in the absence of good cause, a district court has the discretion to extend the time for service of process." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007), *superseded in part by statute as stated in* Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005).   After an absence of good cause:

> [T]he district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time.

Id. at 1282.   The advisory committee's note to Rule 4 explains that this "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." FED. R. CIV. P. 4(m) advisory committee's note to 1993 amendments; see also Horenkamp, 402 F.3d at 1132-33 (upholding district court's extension of time to serve even without good cause for the delay because statute of limitations had run). However, "the running of the statute of limitations does not require that a district court extend the time for service of process." Horenkamp, 402 F.3d at 1133 (citations omitted).

The Court finds Plaintiff was made aware of the lack of service based on Defendants' motion to dismiss highlighting the lack of service and failed to rectify the situation or offer any good cause for the delay in service.  (See Doc. 11-1, at 5-6.) Because of this, the Court finds no reason warranting it to exercise its discretion and extend the time to serve.  As such, Plaintiff failed to effect service on Defendants Nobles, Crump, Perry, Davis and Philbin, and the Court lacks jurisdiction over them, so dismissal is proper.  Because Defendant Harris remains, the Court now turns to the motion to dismiss.

## B. Legal Standard

A defendant may raise a statute of limitations defense on a motion to dismiss under Fed. R. Civ. P 12(b)(6) if the complaint shows on its face that the applicable limitations period has run. AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982).  In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quoting Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993) ("A statute of limitations bar is 'an affirmative defense, and [a] plaintiff[] [is] not required to negate an affirmative defense in [his] complaint.").  The Court must accept as true all

10

facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 557-58 (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

## C. Discussion

In their motion to dismiss, Defendants argue Plaintiff's claim is (1) barred by the statute of limitations, (2) unrenewable under the Georgia Renewal Statute, and (3) barred by *res judicata*, except against Defendant Officer Crump. (Doc. 11-1, at 3-7.) The Court addresses the arguments below.

### 1. Statute of Limitations

Defendants argue Plaintiff was required to file suit by May 2020, and by filing in May 2022, the present case is barred by the statute of limitations. (Id. at 3.) Specifically, they argue Plaintiff's Section 1983 claim is governed by the statute of limitations under O.C.G.A. § 9-3-33, which provides that a claim must be filed within two years after the right of action accrues. (Id. (citing O.C.G.A. § 9-3-33).) Defendants argue that because the alleged violations of his Eighth Amendment occurred between April 2017 and May 2018, Plaintiff was required to file the present suit by May 2020. (Id.) In response, Plaintiff argues he timely filed the present suit on May 26, 2022, which is within six months after the denial of the Plaintiff's Petition of Certiorari as required by the Georgia Renewal Statute. (Doc. 12, at 3-4.)

The Court agrees with Defendants that Plaintiff's Section 1983 claim is barred by the statute of limitations because Plaintiff filed the present suit on May 26, 2022, twenty-one months after May 2020. (See Doc. 1.) However, Plaintiff argues a

12

different statute of limitations applies by relying on the Georgia Renewal Statute.[2]   (Doc. 12, at 4.)   The Court recognizes the Georgia Renewal Statute may be appliable to time-barred Section 1983 claims, and therefore, it will consider whether Plaintiff's claim is renewable under the Georgia Renewal Statute.

2. Georgia Renewal Statute

Defendants argue Plaintiff's original suit cannot be renewed under the Georgia Renewal Statute because (1) the "renewal of Cox I is untimely," (2) "Cox I was decided on the merits," (3) Plaintiff "failed to serve [Defendant] Crump in Cox I," and (4) Plaintiff "has not acted diligently to serve the prison officials." (Doc. 11-1, at 4-6.)   Plaintiff responds that Cox I was (1) not dismissed on the merits and is therefore a dismissal without prejudice, and (2) the renewed Complaint was timely filed.   (Doc. 12, at 3.)

The Georgia Renewal Statute provides:

When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.

O.C.G.A. § 9-2-61(a).   The Georgia Renewal Statute "is a remedial statute that must be liberally construed so as to preserve the

---

[2] The Court does not address Plaintiff's argument regarding the timing following the denial of Plaintiff's Petition for Writ of Certiorari herein.

right to renew the cause of action set out in a previous suit, wherever the same has been disposed of on any ground other than one affecting merits". <u>Buckson v. NV LNWA JIC Hotel, LLC</u>, No. CV 2:21-057, 2021 WL 5632056, at *2 (S.D. Ga. Dec. 1, 2021) (citation and quotations omitted). However, a renewal complaint must:

> show affirmatively that the former [complaint] was not a void suit, that it is such a valid suit as may be renewed under O.C.G.A. § 9-2-61, that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the [complaint].

<u>Jester v. Emerson Climate Techs., Inc.</u>, 849 F. App'x 849, 853 (11th Cir. 2021) (citation omitted). The Court finds that Plaintiff's instant suit fails to fall under the Georgia Renewal Statute.

Defendants argue Plaintiff's suit is unrenewable because it was dismissed on the merits for failure to state a claim with respect to all Defendants, except Defendant Crump. (Doc. 11-1, at 5.) Plaintiff responds that the Court did not grant the motion to dismiss in Cox I on the merits and it was therefore a dismissal without prejudice that can be refiled. (Doc. 12, at 3.)

While Plaintiff's claim against Defendant Crump in Cox I was dismissed without prejudice, Cox I was dismissed for Plaintiff's failure to state a claim upon which relief can be granted for all other Defendants. <u>Cox v. Nobles</u>, No. CV 119-031, 2020 WL 1541698, at *9 (S.D. Ga. Mar. 31, 2020). Therefore, Plaintiff's interpretation of the Court's dismissal of Cox I is mistaken

14

because dismissal for failure to state a claim upon which relief can be granted is a judgment on the merits. See N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990).

Additionally, the renewal statute can only revive "voidable" lawsuits, not "void" lawsuits. Hancock v. Cape, 875 F.3d 1079, 1084 n.3 (11th Cir. 2017) (citations omitted). "[A] complaint is void and incapable of renewal if there has been a judicial determination that dismissal is authorized." Miller v. Georgia, 223 F. App'x 842, 846 (11th Cir. 2007) (citation omitted). The Eleventh Circuit Court of Appeals affirmed the dismissal of Cox I. Cox v. Nobles, 14 F.4th 1350, 1354 (11th Cir. 2021). As a result, Cox I is void due to its dismissal for failure to state a claim under Rule 12(b)(6). Thus, Plaintiff's Complaint cannot be renewed under the Georgia Renewal Statute as it relates to his claim against Defendant Harris.[3]

Accordingly, because Plaintiff failed to serve Defendants Nobles, Crump, Perry, Davis and Philbin and the Georgia Renewal Statute does not protect his time-barred claim against Defendant Harris, Defendants' motion to dismiss (Doc. 11) is **GRANTED**.

---

[3] Because the Court finds the Georgia Renewal Statute does not apply based on Cox I's dismissal on the merits, the Court does not address Defendants' remaining arguments on why the Georgia Renewal Statute does not apply to Plaintiff's Complaint.

15

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Harris's motion to set aside default (Doc. 10) and **GRANTS** Defendants' motion to dismiss (Doc. 11).   The Clerk is **DIRECTED** to terminate all pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of August, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

16